[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12575
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20857-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS LARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 18, 2014)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Luis Lara appeals his sentence of 72 months of imprisonment for possessing child pornography. *See* 18 U.S.C. § 2252(a)(4)(B), (b)(2). Lara argues that his sentence is unreasonable. We affirm.

Lara's sentence is procedurally reasonable. Lara argues that the district court failed to consider the statutory sentencing factors, but the district court specifically stated that it considered those factors. *See* 18 U.S.C. § 3553(a). The district court explained that it selected a sentence that would address the "horrible" nature of Lara's offense; the long-lasting negative repercussions to the victims and their families; his dishonesty with investigators during a polygraph examination; and his false assertion that he had complied fully with the law when he earlier had admitted to investigators that he entered a fraudulent marriage to remain in the United States. The record establishes that the district court had a "reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (internal quotation marks omitted).

Lara's sentence of 72 months of imprisonment is also substantively reasonable. Although the district court stated initially that Lara had an advisory guideline range between 63 and 78 months of imprisonment, the district court corrected that misstatement and explained that it had varied downward 25 months from the low end of Lara's guideline range of 97 to 121 months of imprisonment. The district court reasonably determined that Lara's possession of 600 or more

2

images of child pornography, which included 75 videos, some of which portrayed sadistic and masochistic abuse, warranted a sentence of 72 months of imprisonment.  Lara argues that the district court failed to give adequate weight to his otherwise clean criminal record, his acceptance of responsibility, and his cooperation with the government, but the weight assigned to any particular sentencing factor rests within the sound discretion of the district court.  *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).  The district court imposed a sentence below the advisory guideline range and far below Lara's maximum statutory term of imprisonment of 120 months.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  We cannot say that the district court "commit[ted] a clear error of judgment" by refusing to vary downward further, *see Irey*, 612 F.3d at 1189, particularly when Lara requested a sentence "anywhere within the guidelines."

We **AFFIRM** Lara's sentence.

3